FILED
CLERK
2:29 pm, Jul 02, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SERENA WU,

                                 Plaintiff,

        -against-

GOOD SAMARITAN HOSPITAL MEDICAL CENTER,
CATHOLIC HEALTH SERVICES OF LONG ISLAND,
MADONNA PERINATAL SERVICES, BENJAMIN
SCHWARTZ, and JONATHAN GOLDSTEIN,

                                 Defendants.
------------------------------------------------------------------------X

**ORDER**
17-CV-4247 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of plaintiff Serena Wu ("plaintiff") to so much of the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated March 8, 2019 ("the Report"), as recommends granting the branches of the motions of defendants Good Samaritan Hospital Medical Center (the "Hospital"), Catholic Health Services of Long Island ("CHS") and Benjamin Schwartz, M.D. ("Schwartz") (collectively, the "Hospital Defendants"), and defendants Madonna Perinatal Services ("Madonna") and Jonathan Gillen-Goldstein, M.D. ("Goldstein") (collectively, the "Madonna Defendants"), seeking dismissal of her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981 ("Section 1981"); the Equal Pay Act ("EPA"), 29 U.S.C. § 206, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*; and Sections 194 and 215 of the New York Labor Law ("NYLL"), and for breach of the implied covenant of good faith and fair dealing, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's objections to the Report's findings relating to her retaliation claim under Section 215 of the NYLL are sustained

1

and those findings are rejected; plaintiff's retaliation claim under Section 215 of the NYLL is nonetheless dismissed in its entirety with prejudice; and plaintiff's objections are otherwise overruled and the remainder of the Report is accepted in its entirety.

I. Discussion

A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also*

*Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Objections

Initially, plaintiff's general objection to the entire Report, which merely requests that this Court "rely upon" her "previously filed Amended Complaint and Opposition to Defendants [sic] Motion to Dismiss" to reject the Report, (Plaintiff's Objections to the Report ["Plf. Obj."] at 16), is insufficient to invoke *de novo* review. *See, e.g. Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order) (holding that a general objection to a magistrate judge's report "merely referring the court to previously filed papers or arguments does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)." (quotations, alterations and citations omitted)); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and

3

recommendation, which merely asked the district court to review his opposition to the defendants' motion to dismiss, was insufficient to obtain *de novo* review). Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.

Upon *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, all motion papers and the entire record, and consideration of plaintiff's objections to the Report and the responses thereto of the Hospital Defendants and Madonna Defendants (collectively, "defendants"), plaintiff's objections to the Report's findings relating to her retaliation claim under Section 215 of the NYLL are sustained and those findings are rejected; plaintiff's retaliation claim under Section 215 of the NYLL is nonetheless dismissed in its entirety with prejudice; and plaintiff's objections are otherwise overruled and the remainder of the Report is accepted in its entirety.

1. Objections Relating to the Timeliness of Plaintiff's Title VII Claims

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred: (i) in finding that the last allegedly discriminatory act of the Hospital Defendants was on May 16, 2015, *i.e.*, the date plaintiff received notice that her last day of work would be August 19, 2015, and purportedly failing to acknowledge two (2) letters attached to the amended complaint, *i.e.*, a letter, dated July 1, 2015 (the "July 1, 2015 Letter"), that the Hospital sent to third-party patients indicating that plaintiff would continue to provide services to its Maternal Fetal Medicine (MFM") unit, and a letter, dated August 18, 2015 (the "August 18, 2015 Letter"), that the Hospital sent to plaintiff "offering a one month extension to her employment if she would waive all claims of

4

discrimination against [it]," (Plf. Obj. at 2-3)[1]; (ii) in misapprehending the law regarding receipt of a complaint by the EEOC, failing to give *Chevron* deference to the EEOC's own determination that her EEOC complaint was timely filed or to the EEOC's regulation, 29 C.F.R. 1615.170(d)(2), and ignoring plaintiff's factual allegation that the EEOC complaint was timely filed via facsimile and mail, (Plf. Obj. at 4-6); and (iii) in finding, "with respect to the counts for Failure to Hire[,] . . . that the last discussion regarding pay was August 6, 2015," in light of the August 18, 2015 Letter. (*Id.* at 15).

Magistrate Judge Lindsay correctly found that a charge of discrimination brought pursuant to Title VII is filed with the EEOC on the date it is stamped "received," notwithstanding plaintiff's allegation of an earlier date in the amended complaint. *See, e.g. Osby v. City of New York*, 748 F. App'x 375, 377 n. 2 (2d Cir. Sept. 7, 2018) (summary order) ("The District Court reasonably presumed that [the plaintiff's] EEOC charge was filed and received in December 2012, as reflected by the date stamp, not February 2011," as alleged in the complaint.); *Allen v. New York City Dep't of Envtl. Prot.*, 51 F. Supp. 3d 504, 510 n. 3 (S.D.N.Y. 2014) ("A charge is not considered to be filed with the EEOC until the EEOC receives the charge and stamps it with the appropriate date."); 29 C.F.R. § 1601.13(A)(4)(ii)(A) ("[T]he charge is deemed to be filed with the Commission upon receipt of the document.") Contrary to plaintiff's contention, 29 C.F.R. § 1615.170 is inapplicable to this case because that regulation applies only to: (i) "allegations of discrimination on the basis of disability in programs or activities conducted by the Commission in violation of section 504 [of the Rehabilitation Act of

---

[1] Although plaintiff broadly objects to the Report's (i) purported failure to accept the factual allegations in the complaint as true; and (ii) "determination that [her] factual allegations lack plausibility[,]" (Plf. Obj. at 3), such general objections are insufficient to invoke *de novo* review of the entire Report. With respect to the issue of the timeliness of her claims, plaintiff specifically objects only to the Report's purported failure to consider the July 1, 2015 Letter, the August 18, 2015 Letter, and plaintiff's allegation that the EEOC complaint was timely filed via facsimile and mail.

1973, as amended, 29 U.S.C. § 794, *et seq.*];" and (ii) "complaints alleging a violation of the agency's responsibility to procure electronic and information technology under section 508 [of the Rehabilitation Act of 1973] whether filed by members of the public or EEOC employees or applicants." 29 C.F.R. § 1615.170(a).

Moreover, the EEOC's acceptance of plaintiff's charge is not dispositive on the issue of timeliness because "[i]t is . . . for the Court to determine whether Plaintiff's claims are, as a matter of law, timely and within the statute of limitations." *Pressley v. City of New York*, No. 11-cv-3234, 2015 WL 13730699, at * 7 (E.D.N.Y. Aug. 27, 2015), *report and recommendation adopted*, 2016 WL 1271480 (E.D.N.Y. Mar. 31, 2016), *appeal dismissed*, No. 16-1206 (2d Cir. July 28, 2016); *see also Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996) (affirming the district court's independent determination of the timeliness of an agency filing (citing *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 (1st Cir. 1979)). Nor is the EEOC's alleged determination of the timeliness of a charge entitled to *Chevron* deference.

Since, *inter alia*, all of the discriminatory and retaliatory acts alleged in the amended complaint occurred prior to August 21, 2015, *i.e.*, more than three hundred (300) days prior to the date the EEOC stamped plaintiff's charge as received, Magistrate Judge Lindsay correctly concluded that plaintiff's Title VII claims are untimely, even assuming, *arguendo*, that the Hospital's July 1, 2015 Letter and August 18, 2015 Letter constitute discrete discriminatory and/or retaliatory acts. Accordingly, for the reasons set forth in the Report, the branches of defendants' motions seeking dismissal of plaintiff's Title VII claims as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted and plaintiff's Title VII claims (First, Fourth, Seventh, Tenth and Twelfth Causes of Action) are dismissed in their entirety with prejudice as untimely.

2. Objections Relating to Plausibility of Discrimination Claims

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred: (i) in failing to properly apply the pleading standard for employment discrimination claims under Title VII and Section 1981 set forth in *Littlejohn v. City of New York,* 795 F.3d 297, 310-12 (2d Cir. 2015), (Plf. Obj. at 6-9), and, specifically, (A) in finding that the amended complaint does not state any facts supporting an inference of discrimination with respect to the termination of plaintiff's employment in light of her allegation in the amended complaint that the Hospital "terminated both[] the Plaintiff and her only female co-worker, to replace them with three male doctors, two of whom were Caucasian and one of whom was African American[,]" (Amended Complaint ["Am. Compl."], ¶ 80), and (B) in dismissing plaintiff's Section 1981 claim "because of an alleged failure to plead a discriminatory animus[,]" (Plf. Obj. at 9); and (ii) in finding that the amended complaint fails to state a plausible claim for wage discrimination, (*id.* at 10-11), and, specifically, that "[c]onclusory allegations based upon information and belief are insufficient to support a claim of wage discrimination." (Report at 21) (*See* Plf. Obj. at 10-11).

Magistrate Judge Lindsay correctly found that plaintiff did not "set forth any facts which state directly or by inference that any [of the alleged adverse employment] actions were taken by the Hospital Defendants on the basis of her race, national origin or gender." (Report at 18). Nor are there any facts indicating directly or indirectly that any of the alleged adverse employment actions were taken by the Madonna Defendants on the basis of plaintiff's race, national origin or gender.

Furthermore, since plaintiff has shown no plausible support for the proposition that the Hospital was motivated by discriminatory intent in outsourcing its MFM unit to Madonna and terminating the employment of all physicians providing those services, including plaintiff, the

7

amended complaint fails to state plausible discrimination claims against the Hospital Defendants based upon the termination of her employment (First, Second and Third Causes of Action). *See, e.g. Le v. City of Wilmington*, 480 F. App'x 678, 685 (3d Cir. Apr. 24, 2012) (unpublished opinion) (affirming conclusion that the plaintiff failed to establish a prima facie case of employment discrimination where the employer terminated the plaintiff's employment upon outsourcing the entire division to an independent contractor and had no influence on the independent contractor's hiring or selection of the team replacing the division); *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 567 (11th Cir. 1992) (holding that an employer's replacement of an employee with an independent contractor corporation "does not, in and of itself, make out a prima facie case" of discrimination); *Singa v. Corizon Health, Inc.*, No. 17-cv-4482, 2018 WL 324884, at * 4 (E.D.N.Y. Jan. 8, 2018) ("The amended complaint makes clear that plaintiff's dismissal from defendant's employ could not possibly have been on the basis of her national origin—defendant's contract with the Department of Corrections ended, and everyone, of every national origin, was terminated. The amended complaint itself thereby conclusively refutes any claim that her termination or anyone else's could have been motivated in any part by national-origin discrimination. . . . There could have been all kinds of reasons why she was not hired by the new medical-care provider."); *U.S. E.E.O.C. v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267, 1308 (D. Nev. 2009) (holding that the EEOC failed to prove a prima facie case of discrimination where all of the plaintiff's duties were either outsourced to an independent contractor or subsumed by new standardized software).

Since plaintiff has not sustained even her "minimal burden of showing facts suggesting an inference of discriminatory motivation[,]" *Littlejohn*, 795 F.3d at 311 (emphasis omitted), the amended complaint fails to state plausible discrimination claims against defendants.

Accordingly, for the reasons set forth in the Report, the branches of defendants' motions seeking dismissal of plaintiff's discrimination claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted and plaintiff's discrimination claims under Title VII, Section 1981 and the NYSHRL (First, Second, Third, Seventh, Eighth, Ninth, Tenth, Twelfth and Thirteenth Causes of Action) are dismissed in their entirety with prejudice for failure to state a plausible claim for relief.

With respect to plaintiff's claims of wage discrimination under the EPA and NYLL, "[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *see also Lankau v. Luxoft Holding, Inc.*, 266 F. Supp. 3d 666, 673 (S.D.N.Y. 2017) ("While a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded. . . . The pleadings . . . must contain something more than [] a statement of facts that merely creates a suspicion of a legally cognizable right of action." (quotations, alterations and citations omitted)); *Securities & Exch. Comm'n v. Thompson*, 238 F. Supp. 3d 575, 587-88 (S.D.N.Y. 2017) ("A plaintiff may plead facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant[,] . . . [b]ut, if the Court can infer no more than the mere possibility of misconduct from the factual averments– in other words, if the well-pled allegations of the complaint have not

nudged plaintiff's claims across the line from conceivable to plausible– dismissal is appropriate." (quotations, alterations and citations omitted)). "Alleging something 'upon information and belief' does not suffice to allege a fact under *Iqbal* and *Twombly* unless plaintiff can point to some facts that make the allegations more than pure speculation." *Singa*, 2018 WL 324884, at *4. Since, *inter alia*, plaintiff has not alleged any facts upon which her beliefs are founded, Magistrate Judge Lindsay correctly found that her conclusory allegations are insufficient to state a plausible claim of wage discrimination under the EPA and NYLL.

Magistrate Judge Lindsay also correctly found that plaintiff has not plausibly alleged that she was similarly situated in all material respects to the comparators alleged in the amended complaint, *i.e.*, Goldstein and unidentified Madonna employees, with respect to her wage discrimination claims. Accordingly, for the reasons set forth in the Report, the branches of defendants' motions seeking dismissal of plaintiff's wage discrimination claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted and plaintiff's wage discrimination claims under the EPA and NYLL (Eleventh and Fourteenth Causes of Action) are dismissed in their entirety with prejudice for failure to state a plausible claim for relief.

3. Objections Relating to Retaliation Claims

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred: (i) in "analyz[ing] the counts for retaliation in violation of Title VII and NYSHRL[,]" (Plf. Obj. at 11), by "incorrectly characteriz[ing] the roles of the [Hospital] Defendants and Dr. Livoti[,]"(Plf. Obj. at 13); and (ii) in mischaracterizing her retaliation claim under Section 215 of the NYLL by (A) "incorrectly claim[ing] that Plaintiff failed to allege a specific provision of the NYLL that [the Hospital]

Defendants violated[,]" when paragraph 126 of the amended complaint specifically cites Section 740 of the NYLL,[2] (Plf. Obj. at 14-15), (B) concluding that she "is complaining about discrimination as the basis of her NYLL retaliation claim[,]" when she actually alleges "that she was retaliated against because she complained that the actions of Dr. Livotti [sic] threatened public health and safety[,]" (*id.* at 15), and (C) applying the statute of limitations for claims under Section 740 of the NYLL to her claim under Section 215 of the NYLL. (*Id.*)

Magistrate Judge Lindsay correctly found that plaintiff's alleged complaint about Dr. Livoti, who is not alleged to be an employee of the Hospital, (*see* Am. Compl., ¶¶ 39, 49), does not qualify as a protected activity because it does not oppose an employment practice of the Hospital made unlawful by Title VII. Indeed, plaintiff asserts in her objections that "[she] is not alleging that Dr. Livoti's racist, sexist, discriminatory, and harassing comments themselves are an 'employment practice' of Defendants. Rather, [she] challenges [the Hospital's] actions after her report [about Dr. Livoti's comments] as violating Title VII." (Plf. Obj. at 13). Although "[a] plaintiff seeking to demonstrate that he engaged in protected activity need not show that the behavior he opposed in fact violated Title VII; he must . . . show that he possessed a good faith, reasonable belief . . . that *the employer's conduct* qualified as an 'unlawful employment practice' under the statute." *Cooper v. New York State Dep't of Labor*, 819 F.3d 678, 680-81 (2d Cir. 2016) (emphasis added) (quotations and citations omitted). Accordingly, for the reasons set forth in the Report, the branch of the Hospital Defendants' motion seeking dismissal of plaintiff's Title VII and NYSHRL retaliation claims against them pursuant to Rule 12(b)(6) of the Federal

---

[2] Paragraph 126 of the amended complaint does not, in fact, say what plaintiff contends it does, *i.e.*, that her NYLL retaliation claim "arises from her reasonable belief that Dr. Livoti created a 'substantial and specific danger' to public health or safety." (Plf. Obj. at 14-15). Rather, that paragraph merely quotes the statutory language of Section 740(2)(a) of the NYLL. (Am. Compl., ¶ 126).

11

Rules of Civil Procedure is granted and plaintiff's Title VII and NYSHRL retaliation claims (Fourth and Fifth Causes of Action) are dismissed in their entirety with prejudice for failure to state a plausible claim for relief.

However, since the amended complaint cites the statutory language of Section 740(2)(a) of the NYLL, (Am. Compl., ¶ 126), and alleges that while plaintiff was employed by the Hospital, she complained, *inter alia*, "as a whistleblower with regard to another doctor's negligence and malpractice," (*id.*, ¶ 128), plaintiff's first two (2) objections relating to her claim under Section 215 of the NYLL are sustained and the Report's findings that "Plaintiff does not allege a specific provision of the NYLL she claims was violated," (Report at 24), and, in essence, that her complaint about "being treated unfairly as an Asian American female of Taiwanese origin and as a whistleblower with regard to another doctor's negligence and malpractice[,]" (Am. Compl., ¶ 128), is a complaint solely "regarding discrimination" which is not actionable under the NYLL, (Report at 24-25), are rejected. Moreover, since plaintiff affirmatively states that she "is not suing Defendants under Section 740 of the NYLL[,]" (Plf. Obj. at 15), so much of the Report as finds that any claim asserted pursuant to that statue would be untimely, (*see* Report at 25-26), is also rejected.

Nonetheless, plaintiff's citation to Section 740(2)(a) of the NYLL, (Am. Comp., ¶ 126), and allegation that she was retaliated against while she was employed by the Hospital because she complained "as a whistleblower with regard to another doctor's negligence and malpractice[,]" (*id.* at 128), are insufficient to show that plaintiff participated in a protected activity known to the defendant and, thus, fail to state a plausible claim for relief under Section 215 of the NYLL. *See Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (holding that to establish a prima facie claim of retaliation under Section 215 of the NYLL, "a

12

plaintiff must show: (1) participation in protected activity known to the defendant[;] . . . (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." (quotations and citation omitted)). "[U]nder the New York Labor Law, Plaintiffs must show that they complained about a specific violation of the Labor Law." *Id.* (quotations and citation omitted); *see also Robledo v. Number 9 Parfume Leasehold*, No. 12-cv-3579, 2013 WL 1718917, at *7 (S.D.N.Y. 2013) ("[T]o establish a claim under Section 215(l)(a), a plaintiff must show that she complained to her employer about its violations of the Labor Law and that she was terminated because of her complaints." (quotations, alterations and citation omitted)). "An employee need not cite a specific statute, *see* N.Y. Labor Law § 215(1)(a), but her complaint to the employer must be of a colorable violation of the statute." *Kassman*, 925 F. Supp. 2d at 473 (quotations, alterations and citation omitted); *see also Williams v. Preeminent Protective Servs., Inc.*, No. 14-cv-5333, 2017 WL 1592556, at * 6 (E.D.N.Y. Apr. 28, 2017) ("The employee's complaint need not cite a specific provision of the N.Y.L.L. alleged to be violated, but the employee must reasonably believe that the employer is violating the Labor Law, and "must have stated a complaint ... about conduct that violates the Labor Law.")

Plaintiff's complaint about Dr. Livoti's alleged negligence and malpractice was not about conduct that violates Section 740 of the NYLL. In other words, plaintiff did not complain to the Hospital that Dr. Livoti violated Section 740(2)(a) of the NYLL; nor could she since, as relevant here, that statute prohibits an employer from taking "any retaliatory personnel action against an employee because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and

13

specific danger to the public health or safety, or which constitutes health care fraud." N.Y. Labor Law § 740(2). Thus, like Section 215 of the NYLL, Section 740(2)(a) prohibits an employer for unlawfully retaliating against an employee, but for, *inter alia*, disclosing or threatening to disclose that an unlawful employment practice of the employer creates "a substantial and specific danger to the public health or safety," N.Y. Labor Law § 740(2)(a), instead of for complaining about a violation of the NYLL. *See* N.Y. Labor Law § 215; *Warden v. E.R. Squibb & Sons, Inc.*, 840 F. Supp. 203, 208 (E.D.N.Y. 1993) ("Under section 740 of New York Labor Law, an employer is prohibited from retaliating against an employee for disclosing or threatening to disclose a violation of law creating a substantial and specific danger to the public health or safety, providing information or testifying regarding any such violation, or objecting to or refusing to participate in any such activity in violation of a law. Under section 215, an employer is prohibited from discharging, penalizing, or in any other manner discriminating against an employee because the employee has complained to the employer or the Industrial Commissioner about a violation of labor law. Both sections provide a right of action to an employee who has been subjected to retaliation.")

Since, *inter alia*, plaintiff's complaint to the Hospital regarding Dr. Livoti was not about conduct that violated Section 740 of the NYLL, or any other provision of the NYLL, the amended complaint fails to state a plausible claim under Section 215 of the NYLL. Thus, the branch of the Hospital Defendants' motion seeking dismissal of plaintiff's retaliation claim under Section 215 of the NYLL (Sixth Cause of Action) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and that claim is dismissed in its entirety with prejudice for failure to state a plausible claim for relief.

### 4. Objection Relating to Breach of Covenant of Good Faith and Fair Dealing Claim

Plaintiff contends, *inter alia*, the Magistrate Judge Lindsay erred in recommending that her claim for breach of the implied covenant of good faith and fair dealing be dismissed as duplicative of her breach of contract claim because the Report also recommends dismissal of plaintiff's breach of contract claim and "[i]f one claim is dismissed, the other cannot be redundant." (Plf. Obj. at 16).

"New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) ("Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." (quotations and citation omitted)). Where, as here, "a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant[,]" *Cruz*, 720 F.3d at 125, even if the breach of contract claim is also dismissed. *See, e.g. Apogee Handcraft, Inc. v. Verragio, Ltd.*, 155 A.D.43d 494, 495-96, 65 N.Y.S.3d 27 (N.Y. App. Div. 2017), *lv. denied*, 31 N.Y.3d 903, 77 N.Y.S.3d 655, 102 N.E.3d 431 (N.Y. 2018) (affirming the dismissal of the defendant's breach of contract claim and dismissing the defendant's counterclaim for breach of the implied covenant of good faith and fair dealing as redundant). Accordingly, for the reasons set forth in the Report, plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Sixteenth Cause of Action) is dismissed in its entirety with prejudice for failure to state a plausible claim for relief.

C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific objections are interposed, those branches of the Report are accepted in their entirety.

II. Conclusion

For the reasons set forth above, plaintiff's objections to the Report's findings relating to her retaliation claim under Section 215 of the NYLL are sustained and those findings are rejected; plaintiff's objections are otherwise overruled and the remainder of the Report is accepted in its entirety; and, for the reasons set forth herein and in the Report, defendants' motions to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted and plaintiff's claims are dismissed in their entirety with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 2, 2019
Central Islip, New York